## ANSELM v. BRASHEAR.

One who builds a cabin on lands in the possession of another, and occupies it for 'less than a year, for the purpose of acquiring a pre-emption right in case the title under which the party in possession held should be annulled, but afterwards abandons the house, having had notice of the adverse title and possession and having declared his intention not to interfere with it, cannot, on the demolition of the house by the possessor, and in the absence of any proof of his having used the materials, recover from him the value of the house.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *Splane*, for the appellant. *Dwight*, for the defendant. The judgment of the court was pronounced by

ROST, J. The defendant purchased at sheriff's sale an improved tract of land, held under one of the *Bowie* claims. The plaintiff, being aware of this fact, and under the expectation that the title would be annulled and set aside, built a cabin upon a portion of the land, for the purpose of acquiring a pre-emption right. He occupied it something less than one year, and then went to reside in another, which he had built on an adjoining section of land. The house was on the cultivated land of the defendant, and, being abandoned and left open, he caused it to be pulled down, leaving the materials on the spot, and, for ought that appears to the contrary, at the disposal of the plaintiff. The plaintiff now seeks to recover the value of the house, which he alleges to have been $500. Judgment was rendered against him in the first instance, and he appealed.

The bare statement of the case shows that the plaintiff has no right to recover. He had notice of the defendant's title and possession, and stated that he did not wish to interfere with him, as long as his title was held valid.

The judge of the first instance made a correct application of art. 500 of the Civil Code. The house, when it was first put up, was not worth over $50. It had been abandoned in a dilapidated state, and, as the erection of it was unlawful, the defendant is not liable in damages for having demolished it.

*Judgment affirmed.*